Royce Corley v. United States I had some questions for Mr. Miller, if that's okay. Then go ahead. Let me find them, though. One second. Get my notes for one second, please. You know, I'm working off a laptop and it gets a little complicated. Mr. Miller, do you want to make an opening statement? Certainly. Certainly, Your Honor. Good morning, Your Honors. Connecticut General Statutes 52190A must apply in this FTCA action in order to comply with the limited waiver of sovereign immunity in the FTCA. This is really where my questions come in, Mr. Miller. Why isn't this simply a procedural device under the Connecticut statute? Why is this something that is a matter of substance that goes to who is liable for malpractice under Connecticut law? Yes, Your Honor. Under the FTCA, we're directed to look to the State of Connecticut gets to define the contours of the medical malpractice action. And the Connecticut Supreme Court in Morgan took a look at 52190A. And this is what it told us about that statute. And I'm referring to page 457. The court discussed the purpose of the statute and noted the purpose was to deter frivolous actions. But whatever the purpose is, didn't the court also characterize this as a defect of service? Yes, Your Honor. It may be enforced through a procedural mechanism such as attaching an opinion letter to the complaint. However, the court did say that, and I'm quoting here, it's just as well served by viewing the requirement as a pleading necessity akin to an essential allegation to support the cause of action. But even that, too, isn't that a pleading requirement, not a substantive requirement for what needs to be proven? That's a question of what needs to be asserted at the beginning of the case in order for the pleading to be sufficient. Is that not so? Yes, Your Honor. It is a substantive pre-filing condition that Connecticut has deemed necessary to state a medical malpractice cause of action. But under Federal Rule 8, even as interpreted in Twombly, all that's necessary is that the claim be plausible. There's no pleading requirement under federal law that in a malpractice case, one needs to plead with specificity that there is already an existence and already known to the plaintiff a witness, and then attach an affidavit from that witness saying that there was malpractice. Correct, Your Honor. Rule 8 requires notice of the claim under Iqbal and Twombly. But 52190A can live in harmony with Rule 8. There's no conflict. Rule 8, sorry, 52190A has little to do with pleading other than that something must be included with the complaint. 52190A does not say, does not change the nature of Rule 8 and the requirements for stating a claim. Well, it says what you have to say. In order to satisfy, to get past the pleading stage, you would need to make this allegation of good faith that I've done an investigation, which is a little bit different than even Rule 11. It's requiring a specific allegation. I've done this investigation, and the upshot of the investigation was I got this affidavit, which is attached from a medical expert. And you're required to attach the affidavit. There's nothing like that in the federal rules. That is correct. Your Honor, looking at it in a different way, if a plaintiff were to fail to plead duty, their claim would be subject to dismissal. What the Connecticut legislature and Supreme Court have said is if the plaintiff fails to take this initial preliminary substantive review by a like doctor, the claim is subject to dismissal. And without that, the United States is deprived of a statutory defense that would be available to all other defendants in Connecticut, which runs afoul of the… But wouldn't the same be true if the Connecticut procedural code required all kinds of elaborate allegations to be made that aren't required under the rules? If they're not applicable in federal court, then the federal government is deprived of a defense that might have been valid for it, might have gotten rid of the case. Understood, except that here we have Connecticut legislature making a specific decision to revisit in 2005 and amend the statute to give defendants this remedy. And the appellate court in Votre noted that it is, quote, and this is page 821, it is a statutory remedy for any defendant who is subject to legal action. Under Connecticut law, do you happen to know is this a dismissal with prejudice? In other words, it's without prejudice. So the plaintiff could come back the next day. The lawyer could say, I had this. I just didn't realize I was supposed to plead it. So here's a new amended complaint, and here's your affidavit, and here we are. That would be, then he'd be able to go forward with his case. Depending on statute of limitations issues, yes, that is correct. Assuming it was hypothetical one day. Again, depending on statute of limitations, subject to statute of limitations issues, if it took him another couple of weeks to find a doctor that he didn't have at the time he filed the original complaint, if he finds a doctor, gets an affidavit, and files now an amended complaint, again, subject to the statute of limitations, that would be okay. Would it not? Yes, Your Honor. So then I'm still having trouble understanding why this is a condition of liability that is a substantive matter. Isn't it also the case that if at trial, the plaintiff never produces the same doctor who provided that affidavit at the pleading stage and attempts to prove malpractice using a different expert, that would be perfectly fine? That is correct. You are not required to use the same doctor that you obtained for the initial letter. You don't have to. So as long as you prove, at the end of the day, malpractice, by the normal standards of proof, according to the normal standards of liability that will apply in the Federal Tort Claims Act case, as well as would in Connecticut State Court, you're liable or you're not, depending on what your evidence is and whether it meets the Connecticut Standards for Professional Negligence in both cases. That is correct. You have to meet your burden of proof with an expert at trial. You don't have to be this same expert that provides the affidavit in the beginning. It does not, Your Honor. So the affidavit at the beginning is solely about what you need to plead in order to go forward. By the way, that affidavit is not necessarily an opinion that, in my professional opinion, the defendant committed malpractice, is it? It's just an affidavit that there's reasonable cause to believe or a good cause to believe that that's so. The standard from the statute is that there appears to be evidence of medical negligence and includes a detailed basis for that opinion. Right, but there's not a requirement that the affidavit-providing doctor says, in my professional opinion, I've reviewed all the records, I've reviewed all the evidence that's available at this point, and I think it's malpractice. It's something short of that, right? Perhaps it could fall short. I know there's litigation regarding whether the letter that's attached meets the requirement. We don't have that, obviously. Before us, there was no letter. Your Honor, regarding your point on how it could go to substantive liability, I would only point out that a defendant cannot be liable if the claim can't pass go, if the claim can't be brought in the first place. Well, sure, and if the complaint failed to satisfy some other detailed requirement of Connecticut procedure, that any malpractice claim, the complaint has to be typed out on blue legal-sized paper where the complaint gets dismissed. If that were the requirement, the case wouldn't go forward, although just as in this case, that would be a dismissal without prejudice, and the plaintiff would be perfectly entitled to come back the next day with a better complaint. But you're saying since it would mean that the case doesn't go forward under the Tort Claims Act, that procedural rule would apply in federal court. Your Honor, if in the hypothetical there was a policy determination by the legislature, and here we've got 5298, it comes with it, the Supreme Court's ruling in Morgan and Votery where they found a specific purpose, if the statute went that far and had been interpreted in that way, then sure, the argument would apply. So you're turning it on the intent of the state, that the state legislature intends this to be, because the state legislature has a substantive purpose, we want there to be fewer frivolous malpractice claims, and therefore we are applying an enhanced pleading standard to malpractice claims. Any such enhanced pleading standard would be substantive for purposes of the Tort Claims Act. Yes, Your Honor, because the FTCA directs us to incorporate the law of the state, we must see how the state has defined the contours of the cause of action. Including procedural requirements that are governed by the federal, otherwise governed by the federal rules of civil procedure. Your Honor, clearly the federal rules do control in the FTCA. We're not making that argument. What I'm saying is... Indeed, originally the FTCA explicitly said that the federal rules of civil procedure govern, right? And that went out in the 1948 stylistic revision, on the theory that it was not necessary to say that, because the federal rules by their own terms apply in all civil actions in federal court. That's correct. However, it's our position that this requirement is substantive in nature, it goes to the substance of the claim, it's not a procedural requirement. And you say this is a different issue than the routine Erie issue, that would come up if this were not a Tort Claims Act case, but were simply a case in which the plaintiff lived on one side of the New York border and went to a dentist in Connecticut, and had to sue the dentist in Connecticut to get in personam jurisdiction. Sues in federal court. We have a body of law about what's substance and what's procedure under Erie. You're saying, though, that body of law is of no use to us and not relevant in considering the Tort Claims Act issue? That's correct, Your Honor. Obviously, from Erie, we've got a nice body of law regarding substance and procedural distinction. Yeah, it's not so nice, actually, because the very question we're asking, I think, is a rather difficult one under Erie, in light of the fact that the most recent Supreme Court decision, Shady Grove, is a kind of 4-1-4 decision, which makes it very difficult to figure out. Justice Ginsburg's opinion for four justices, I think, goes along with your view that because the state intended it to be substance, it's substance. The official plurality, I never understand why the Chief Justice gets to say who gets the plurality when it's 4-4, but the plurality opinion by Justice Scalia says you go by the federal rules, and Justice Stevens says, well, sometimes you go by one and sometimes you go by the other. And in this case, I side with Scalia. So I'm not sure the Erie case law is all that helpful, but why is it different? Because the principle is the same, is it not, that the state law controls substance and the federal rules control procedure? It's not because the distinction is different in this context. With Erie and its progeny, including Shady Grove, the concern is form-shopping and the inequitable administration of the law. Obviously, we have the FTCA, you're going to federal court. You don't have that concern. What you do have, though, is a waiver of the sovereign immunity. And the United States has said, we're immune unless you tick all these boxes. And the key box in this case is that the United States must be accountable in the same manner and the same extent as a private individual in that state. And so it requires you to look at the nature of the state statute body of law at issue. Am I correct also that our sister circuits are divided about this issue? But most of them, by summary orders, favor your view. But there's at least one formal opinion that goes the other way. Yes, Your Honor. I have a string cite in my brief. There's the Gallivan decision, which is the Sixth Circuit going against my position. In that case, they cite very heavily the Shady Grove analysis. There's a number of other decisions that I cite, and I'm happy to pull them up if you give me a moment if we need to. I don't think you need to. I think I see. I understand. I know that. I just wanted to confirm that there is a circuit split. Okay. That's all I had. Thank you. Thank you, counsel. We will take Mr. Corley's brief on submission. And that concludes our argument. Thank you, counsel, very much.